CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7240
    kenneth.chambers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JIANNA COPPEDGE, <br><br> Defendant. | No. 4:23-CR-00341-HSG <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Sentencing Date: July 30. 2025 <br> Time: 2:00 p.m. <br> Judge: Hon. Haywood S. Gilliam |

## I. INTRODUCTION

The United States respectfully requests that this Court impose a time served, which is in accordance with the plea agreement filed on January 17, 2024. The government also requests that the defendant's sentence be followed by three years of supervised release. The plea agreement resolves a case in which the defendant, Jianna Coppedge, was initially charged by Complaint on April 4, 2023 with Possession of a Controlled Substance with Intent to Distribute, a felony, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C). Dkt. No. 1. A subsequent Information was filed on October 5, 2023 charging the defendant with the same. The defendant pled guilty pursuant to a plea agreement on January 17, 2024. Dkt. No. 48. The defendant will appear before this Court for sentencing on July 30, 2025 at 2:00 p.m.

## II. FACTUAL BACKGROUND

On or about July 6, 2022, at approximately 10:11pm, the defendant communicated with a potential buyer via phone messaging. During this conversation, the buyer wanted to purchase oxycodone pills, or M30s and the defendant agreed to sell the buyer oxycodone M30 pills. The defendant knew that the oxycodone M30 pills she was selling were fake oxycodone M30 pills laced with N-phenyl-N [ 1-(2-phenylethyl-piperidinyl] propenamide (fentanyl). The buyer wanted to purchase three pills at $25 per pill. On the evening of July 6, 2022, at approximately 10:45pm, The defendant met with the buyer outside of her apartment complex in Dublin, CA. Dublin in the Northern District of California. While outside at her apartment complex, the defendant sold the buyer three M30 pills in exchange for $75 total.

On July 7, 2022, the aforementioned buyer died. Cause of death was an overdose of N-phenyl-N [ 1-(2-phenylethyl-piperidinyl] propenamide (fentanyl). PSR at ¶ 7

Prior to meeting with the buyer on July 6, 2022, the defendant communicated with her supplier, Ozymandias Troy Watson, via Instagram messaging, discussing the selling and purchasing of M30 pills. PSR at ¶ 15. Specifically, the defendant told Mr. Watson that she wanted to retrieve twenty-five (25) pills from him, and that she intended to sell and use some of pills. *Id*. On July 6, 2022, at approximately 10:59pm, after her sale with the aforementioned buyer, she sent Mr. Watson a message stating that she

needed to retrieve more M30s from him, because she had already sold half that day. *Id*. She also told Mr. Watson that the amount of money she now owed him was $580. This amount included money that she received from selling M30s. Additionally, the defendant knew that the three M30 pills that she sold to the buyer were laced with N-phenyl-N [ 1-(2-phenylethyl-piperidinyl] propenamide (fentanyl), and she possessed said pills to sell and distribute them to the buyer. *See*. Dkt. 48.

### III.  DEFENDANT'S GUIDELINE CALCULATION

As set forth in the Plea Agreement, the Sentencing Guidelines calculations for the defendant's offense level is as follows:

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(c)(1)(14): | | 12 |
| b. | Acceptance of Responsibility: | | -2[1] |
| | If defendant meets the requirements of U.S.S.G. § 3E1.1, the defendant may be entitled to a three-level reduction for acceptance of responsibility, provided that the defendant forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | | |
| c. | Zero-point offender, U.S.S.G. § 4C1.1(a) | | -2/0 |
| c. | Total Offense Level: | | 8/10 |

### IV.  LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. To that end, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

[1] Given that the defendant's offense level is 12, and not 16 or greater, a one-point reduction is not applicable pursuant to U.S.S.G. § 3E1.1(b).

    (2)  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

    (4) The need to void unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V.  PRESENTENCE REPORT

The government reviewed the PSR prepared by United States Probation Officer Ashley Polk. *See* Dkt. 55. The PSR has an adjusted offense level of 10. PSR at ¶ 29. The government has no objection to the offense calculation. Additionally, the defendant is not entitled to a two-level reduction as a zero-point offender because the offense in this case resulted in a death. *See* U.S.S.G. § 4C1.1(a)(4); PSR at ¶ 5. The government has no objection to, and agrees on, the Criminal History Category in the PSR, which is a category I. PSR at ¶ 33. The government further agrees that the defendant should receive a two-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty. The government does not have any objections to the report's factual recitation or recommended supervision terms.

## VI.  SENTENCING RECOMMENDATION

The government recommends a sentence of time served. Pursuant to the plea agreement, the defendant successfully completed the CAP program. Accordingly, the government is recommending a sentence of time served. The government believes that this sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing. The government believes that the time-served sentence is an appropriate sentence based on the sentencing factors set forth under 18 U.S.C. § 3553(a). Furthermore, in accordance with the sentencing factors, the government believes that the time-served recommended sentence reflects the seriousness of the offense, while also considering the nature and characteristics of the offense, and the history and characteristics of the defendant.

For the reasons stated above, the government believes that a time-served sentence is appropriate.

## VII.  CONCLUSION

With full consideration, the Government recommends that the Court impose a sentence of time-served, followed by three years of supervised release, and a $100 special assessment fee. This sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

DATED: July 23, 2025

                                  Respectfully submitted,

                                  CRAIG H. MISSAKIAN
                                  United States Attorney

                                  /s/ *Kenneth Chambers*
                                  KENNETH CHAMBERS
                                  Assistant United States Attorney